SACK, Judge.
The appellant was the beneficiary under a key-employee life insurance contract issued by the appellee on the life of the employee, one Hopkins. Hopkins died as a result of a gunshot wound in his bedroom at his home in the evening. To appellant’s suit on the policy appellee filed a defense of suicide, within the period of limitations prescribed by the policy.
The case was tried without a jury before a learned and experienced trial judge, who found for the appellee. The contention of the appellant throughout the case and upon its appeal was that the burden was upon the insurance company to prove suicide to the exclusion of every other reasonable hypothesis. Appellant suggested that death may have resulted from the acts of an intruder or because of accident, and that these alternatives were not excluded by the proof. On a motion for rehearing in the lower court the following colloquy ensued between the counsel for the appellant and the court, which points upon the contention of the appellant and the finding of the court:
. “MR. DITTMAR: Well, Your Honor, of course the position at this point, for the plaintiff, is that the death was unexplained, that the defendant’s evidence did not make a step by step full picture of death by suicide and that Your Honor, had you applied the correct rule of law, which would be that the defendant’s bur *836 den was upon it to conclusively prove suicide to the exclusion of every other reasonable hypothesis, the verdict would have been for the plaintiff.
THE COURT: I not only found that, but if I had wanted to put it in there or announce it from the bench I would have had to say just like in a criminal case that beyond and to the exclusion of every reasonable doubt — there just wasn’t any doubt in my mind. The evidence so clearly preponderated I couldn’t even find any kind of a doubt. The circumstantial evidence and everything in the case just clearly pointed that way. I mean it would have been a travesty on justice if I had found otherwise under the evidence. That is how convinced I was and yet I kept an open mind throughout that whole case. As a matter of fact, I was trying to find some way to find that Jack Hopkins didn’t commit suicide, and you had the presumption in your favor, but the presumption had to disappear under the weight of the evidence.” (Emphasis supplied)
It is true that where circumstantial evidence is relied upon to establish suicide, the facts must be such as to exclude any other reasonable hypothesis. This does not mean any fanciful, speculative or unreasonable hypothesis of causes other than suicide. As we stated in Florida Power Corporation v. Willis (Fla.App.), 112 So.2d 15, and again in World Insurance Company v. Kincaid, Fla.App., 145 So.2d 268:
“It is a sound rule that when physical situations or matters of common knowledge point so certainly to the truth as to leave no room for a contrary determination, based on reason and common sense, such physical situation and reasonable probabilities are not affected by sworn testimony which, in mere words, conflicts therewith.”
Our function on appeal is not to try a casede novo or to substitute our judgment for the trier of the facts, but rather to determine whether the proper principles of law were applied and there was competent substantial evidence to sustain the finding.
In this case the motive for suicide was well established — the insured was despondent, was in ill health, addicted to alcohol, and had recently suffered severe financial reverses. The suggestion that the insured may have been shot by an intruder is completely fanciful, contrary to the facts shown by the physical layout of the house, the closed doors and windows, and the brief time element involved. The alternate hypothesis of accident was ruled out by the clear physical facts, including expert testimony that the gun could not be accidentally fired, but required a pressure of at least ten pounds on the trigger to disharge it. Natural death is ruled out since the insured admittedly died from the gunshot wound. As to the suicide, in addition to the motive and the voluminous physical evidence, it is undoubted that even the insured’s wife was fearful of such a consequence as evidenced by her attempt to secrete the bottle of seconal tablets and her immediate rush to her husband’s room upon hearing the “ping”, as she termed the sound of the gunshot.
In short, the court applied the correct principles of law, and the evidence unerringly points to but one reasonable hypothesis — suicide.
We affirm.
WIGGINTON, Acting C. J., concurs specially and JOHNSON, J., dissents.